Despite having met the contingency set forth in the Second R&R, plaintiff has filed a document styled "Objection to Report and Recommendation dated January 14, 2010." This document is not an objection pursuant to Fed. R. Civ. P. 72, but principally serves to alert the Court to difficulties plaintiff has encountered in preparing the motion for a default judgment pursuant to Fed. R. Civ. P. 55(b). Plaintiff states that it expects to be able to file said motion on or before February 15, 2010. Accordingly, it is hereby

**ORDERED** that plaintiff shall file his motion for a default judgment with respect to defendants Classic Closeouts, LLC, d/b/a Classiccloseouts.com, and Jonathan Brook on or before February 16, 2010.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated: February 2, 2010
Brooklyn, New York

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITRANS CONSOLIDATED, INC.,

                              Plaintiff,

                              **MEMORANDUM AND ORDER**

       –against–

                              09-CV-2098 (SLT) (SMG)

CLASSIC CLOSEOUTS, LLC, d/b/a
CLASSICLOSEOUTS.COM; IVAL GROUP, LLC.;
DANIEL J. GREENBERG and JONATHAN BROOK,

                              Defendants.
-----------------------------------------------------------------x
**TOWNES, United States District Judge:**

       On January 14, 2010, Chief Magistrate Judge Steven M. Gold ("Judge Gold") issued his second report and recommendation in this case (the "Second R&R"). The recommendation in the Second R&R, like that in Judge Gold's first report and recommendation, is contingent on plaintiff's failing to take a specific action within the time for filing objections to the report and recommendation. Specifically, the Second R&R recommends that "this action be dismissed unless, within the time for filing objections, plaintiff moves for entry of the default of any defendant upon whom service was accomplished but who has neither answered [n]or moved." The Second R&R also states that any objections had to be electronically filed "no later than February 1, 2010."

       According to affidavits of service which were filed with the Court in mid-November 2009, plaintiff has succeeded in serving two of the four defendants named in the complaint in this action. On January 28, 2010, plaintiff moved for entry of default with respect to those two defendants – Classic Closeouts, LLC, d/b/a Classiccloseouts.com, and Jonathan Brook. Accordingly, plaintiff has taken the action required by the Second R&R. Since Judge Gold's recommendation of dismissal was contingent on that action *not* being taken, this case will not be dismissed.