UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITRANS COLSOLIDATED, INC.,                :
                                            :
                Plaintiff,                  :
                                            :      ORDER
        -against-                           :      09-CV-2098 (SLT)
                                            :
CLASSIC CLOSEOUTS, LLC., d/b/a              :
Classiccloseouts.com, IVAL GROUP, LLC.,     :
DANIEL J GREENBERG, JONATHAN BROOK,         :
                                            :
                Defendants.                 :
-----------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

      By Order dated March 26, 2010, the Honorable Sandra L. Townes referred plaintiff's motion for default judgment to me for a report and recommendation on what relief, if any, should be awarded to plaintiff. While all previous submissions will be considered in determining an award, the court seeks additional information from plaintiff before rendering a report.

      Plaintiff has moved for the default of only two of the four defendants – Classic Closeouts and Jonathan Brook. Docket Entry 15. In fact, in its motion, plaintiff concedes that it has not served Ival Group or Greenberg. Pl. Mem. 1 n.1, Docket Entry 19. Plaintiff, however, does not indicate how it intends to proceed against the defendants who have not been served. Accordingly, plaintiff shall either voluntarily dismiss its claims against Ival Group and Greenberg pursuant to Federal Rule of Civil Procedure 41(a), or submit a letter by April 21, 2010, indicating how plaintiff proposes to proceed against these defendants.

      At least for so long as Ival Group and Greenberg remain as parties, I hesitate to proceed to assess damages against Classic Closeouts and Brook for several reasons. First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have

> consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 fn.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order "'to avoid the problems of dealing with inconsistent damage determinations.'" *Lawrence v. Vaman Trading Co., Inc.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (*quoting In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also 3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Lite-Up Corp. v. Sony Music Entm't, Inc.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (same); *Montcalm*, 807 F. Supp. at 978 (same); *Friedman*, 1991 WL 206308, at *4 (same). *But see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency).

The concerns identified above potentially apply in this case, where one of the defaulting defendants is the owner of a corporate defendant that has not been served. Here, in its complaint, plaintiff alleges that both Greenberg and Brook are "chief executive officer[s] and/or member[s] of Classic and/or Ival." Compl. ¶¶ 6, 7. Moreover, plaintiff contends that Classic Closeouts and Ival Group are two separate limited liability companies, although both allegedly have their

principal places of business at 132 Spruce Street, Cedarhurst.[1] Compl. ¶¶ 4, 5. It is thus not clear why a judgment (jointly or jointly and severally) should be entered against an officer of one company and a second company, where the former company has never been served.

Moreover, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." For this court to comply with the certification requirements of Rule 54(b), plaintiff must explain why this court should enter judgment now against only two of the four defendants. *See Smith v. Half Hollow Hills Central School Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

Finally, if plaintiff does dismiss its claims against Ival Group and Greenberg or otherwise persuades the court that it is appropriate to assess damages against the defaulting defendants at this time, it must submit additional information and evidence. Although the well-pleaded factual allegations in the complaint are deemed admitted upon a defendant's default, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), "[a] plaintiff must . . . establish that on the law it is entitled to the relief it seeks, given the facts as established by the default," *U.S. v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) (citation omitted). In other words, plaintiff must establish that the facts alleged in the complaint assert a valid cause of action. In this case, it is not clear that the complaint establishes the defaulting defendants' liability.

In its motion for a default judgment, plaintiff contends that the allegations in the complaint establish the defaulting defendants' liability for fraudulent inducement. Pl. Mem. 7. To state a claim for fraud, plaintiff must allege facts in its complaint indicating "that the defendant

---

[1] In its motion in support of a default judgment, plaintiff alleges that Ival Group holds itself out as the parent company of Classic Closeouts. Pl. Mem. 2 n.2. The complaint, however, fails to include any factual allegations describing the relationship between the two corporate entities.

3

knowingly made a false statement of material fact with the intent to induce the plaintiff's reliance, and also that the plaintiff did in fact rely on that false statement to its detriment." *Lomaglio Assocs. Inc. v. LBK Mktg. Corp.*, 876 F. Supp. 41, 44 (S.D.N.Y. 1995); *see also Kaye v. Grossman*, 202 F.3d 611, 614 (2d Cir. 2000) (identifying the elements necessary to establish a claim of fraud based on intentional misrepresentations). Federal Rule of Civil Procedure 9(b), however, requires that fraud be plead with particularity. In order to meet this requirement, a complaint must state with particularity "the fraudulent content of the speech, the time and place at which the statements were made, and the identity of individuals making the fraudulent statements." *Lomaglio Assocs.*, 876 F. Supp. at 44. "The complaint must also specify *each* defendant's contribution to the fraud." *United Republic Ins. Co. v. Chase Manhattan Bank*, 168 F. Supp. 2d 8, 17 (N.D.N.Y. 2001).

Here, the complaint repeatedly states that "Unitrans was contacted by an authorized director/officer/employee" of Classic or Ival, "believed to be Greenberg," who misrepresented that the original bill of lading was in defendants' possession, promised to provide it to plaintiff soon thereafter, and requested that the goods be released to defendants. Compl. ¶¶ 13, 14, 22, 23, 30, 31, 43, 44; *see also id.* ¶ 33 ("Based upon the several representations made by an authorized director/officer/employee of Classic and/or Ival, believed to be Greenberg, Unitrans authorized the release" of the goods.). In its motion, plaintiff now alleges that it was defaulting defendant Brook, not Greenberg, who made the misrepresentations. *See*, *e.g.*, Pl. Mem. 2-3. It is the well-pleaded allegations in the complaint, however, that are controlling. Although plaintiff has clearly identified the statements it alleges are false and stated when it claims they were made, plaintiff has not clearly identified *who* made the material misrepresentations. Accordingly, at first glance, it does not appear that the factual allegations in plaintiff's complaint are sufficiently

4

well-pled to establish the defaulting defendants' liability for fraud.  *See*, *e.g.*, *Mktg. Devs., Ltd. v. Genesis Import & Export, Inc.*, 2009 WL 4929419, at *5 (E.D.N.Y. Dec. 21, 2009) (finding that complaint failed to state a claim of fraud with particularity).

Although plaintiff contends that his cause of action is for fraud, the allegations in the complaint appear to sound in indemnification.  Plaintiff alleges that the shipper has demanded payment from Unitrans for the full value of the cargo based on defendants' failure to pay the shipper for the goods.  Compl. ¶ 18.  Any such claim would presumably arise only once plaintiff made payment to the shipper.  *See id.* (stating only that the shipper has demanded payment); Chan Decl. ¶ 16, Docket Entry 20 (stating explicitly that plaintiff has not paid the shipper).  *See also Charter Oak Fire Ins. Co. v. Bolding*, 2009 WL 3246116, at *4 (E.D.N.Y. Oct. 1, 2009) (noting that claims for indemnification "are not ripe for adjudication until liability has been imposed upon the party to be indemnified"); *Armored Group, LLC v. Homeland Sec. Strategies, Inc.*, 2009 WL 1110783, at *3-4 (S.D.N.Y. Apr. 21, 2009) (dismissing plaintiff's claim for indemnification or contribution as premature where plaintiff failed to allege a judgment against or payment by plaintiff).  Payment by Unitrans to the shipper would presumably also be essential in establishing plaintiff's damages for defendants' fraud.

Finally, if plaintiff presses its application for an award of attorney's fees, it shall submit contemporaneous time records in compliance with *New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Accordingly, plaintiff shall submit a memorandum of law or letter explaining how it seeks to proceed in light of these issues and shall submit the additional documentation the court

requests.[2] Plaintiff shall make its supplemental submission in support of its motion for default judgment no later than April 21, 2010. Any submission that defendants wish to make in response is due no later than May 5, 2010. Any reply that plaintiff wishes to make should be filed no later than May 12, 2010.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on *all* defendants at their last known addresses, and to provide the court with a copy of the return receipt. **Failure to comply with this Order may result in a recommendation of dismissal for failure to prosecute.**

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2010

_____s/_____
STEVEN M. GOLD
United States Magistrate Judge

*U:\eoc 2010\damages inquests\unitrans.docx*

---

[2] In addition, plaintiff shall submit a copy of the back side of the bill of lading. Although plaintiff apparently submitted an enlarged copy of the terms and conditions of its bill of lading, it is not available on ECF. *See* Chan Decl. Ex. B.